# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| MARLON BLACKWELL ARCHITECTS, P.A., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 19-cv-00925-KGB ) |
| HBG DESIGN, INC.; SARACEN DEVELOPMENT, LLC; and JOHN L. BERREY, in his official capacity as Chairman of the Quapaw Tribal Business Committee, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION OF THE DEFENDANTS, SARACEN DEVELOPMENT, LLC, AND JOHN L. BERREY, TO STAY DISCOVERY AND OTHER DEADLINES

Defendants, Saracen Development, LLC ("Saracen") and John L. Berrey ("Berrey") (collectively, the "Defendants"), hereby move the Court to stay discovery and all other deadlines, including but not limited to the parties' compliance with Rule 26(a)(1), pending the issuance of a final order on the Motion of the Defendant, John L. Berrey, to Dismiss for Lack of Subject Matter Jurisdiction, which was filed on February 6, 2020 [ECF No. 10], and pending this Court's ruling on the above-mentioned motion together with the Motion of the Defendant, Saracen Development, LLC, to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed on February 6, 2020 [ECF No. 12] and the Motion to Dismiss of HBG Design, Inc. filed on February 3, 2020 [ECF No. 8]. In support of this motion, Defendants show the Court as follows:

1. On December 20, 2019, Plaintiff, Marlon Blackwell Architects, P.A. ("MBA"), filed a Complaint in the instant action against Defendants HBG Design, Inc. ("HBG"), Saracen, and Berrey, in his official capacity as Chairman of the Business Committee of the Quapaw Nation.

2. On February 6, 2020, Berrey filed a motion to dismiss for lack of subject matter

jurisdiction [ECF No. 10] and a brief in support thereof [ECF No. 11].  In the motion to dismiss, Berrey asserted that MBA's claims are barred by tribal sovereign immunity because MBA can point to no consensual waiver of immunity granted to it by the Quapaw Nation to pursue any claims, including claims for copyright infringement, against the tribal government and its officers, and likewise no congressional authorization for this action exists.

3. On February 6, 2020, Saracen filed a motion to dismiss [ECF No. 12] and a brief in support thereof [ECF No. 13], for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Likewise, on February 3, 2020, HBG filed a motion to dismiss [ECF No. 8] and brief in support thereof [ECF No. 9], for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

4. Pursuant to the Amended Initial Scheduling Order [ECF No. 20] currently in place, the Rule 26(f) Conference deadline is July 13, 2020, and the Rule 26(f) Report is due on July 27, 2020.

5. However, as Berrey's motion to dismiss on grounds of sovereign immunity remains pending, as do the motions to dismiss filed by Saracen and HBG, a stay of discovery and other deadlines, including but not limited to the parties' compliance with Rule 26(a)(1), is warranted until a final, nonappealable order is issued with respect to Berrey's motion to dismiss.

6. This court has held that a motion to stay discovery is especially appropriate when the "Court's jurisdiction over [the] case is in question." *See Rosenbaum v. Kissee*, No. 1:16-cv-00056 KGB, 2017 WL 11496952, *1 (E.D. Ark. Dec. 20, 2017) (Baker, J.).  Berrey's motion to dismiss raises the defense of tribal sovereign immunity, which, if he prevails, means that this Court lacks jurisdiction over the claims asserted against him, and that such claims are barred.

7. Questions of sovereign immunity should be resolved early in litigation, before

discovery has taken place, because those entitled to immunity hold "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985). For a court to require a defendant asserting the immunity defense to proceed with litigation essentially would deprive that party of the value of the immunity defense. *See, e.g., Gingras v. Rosette*, No. 5:15–cv–101, 2016 WL 4442792, *8 (D. Vt. Aug. 22, 2016).

8. Moreover, well-established precedent in the Eighth Circuit supports a stay of discovery and other proceedings when even one of multiple defendants raises a sovereign immunity defense. *See, e.g., Jones v. Clinton*, 879 F. Supp. 86 (E.D. Ark. 1995), *aff'd in relevant part* 72 F.3d 1354 (8th Cir. 1996), *aff'd* 520 U.S. 681, 117 S. Ct. 1636 (1997); *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp.2d 1086, 1088 (W.D. Mo. 1999). Requiring the defendants to comply with discovery obligations and other deadlines while Berrey's motion to dismiss remains pending would defeat the value of the immunity possessed by Berrey and asserted in this case.

9. In addition, a stay of the proceedings in this litigation is also warranted because all the defendants have motions to dismiss pending which, if granted, would lead to a final resolution of this case. Without a stay, the parties may be engaging in time-consuming, expensive, and potentially needless discovery, which the parties anticipate being complex given the nature of the copyright claims asserted in this case. These concerns are especially heightened due to the ongoing state of affairs precipitated by the COVID-19 (novel coronavirus) pandemic.

WHEREFORE, Defendants, Saracen Development, LLC and John L. Berrey, request that the Court enter an Order staying discovery and all other deadlines, including but not limited to the parties' compliance with Rule 26(a)(1), pending the issuance of a final, nonappealable order on the Motion of the Defendant, John L. Berrey, to Dismiss for Lack of Subject Matter Jurisdiction

filed on February 6, 2020 [ECF No. 10]. A stay is also requested and appropriate pending this Court's ruling on the above-mentioned motion together with the Motion of the Defendant, Saracen Development, LLC, to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed on February 6, 2020 [ECF No. 12] and the Motion to Dismiss of HBG Design, Inc. filed on February 3, 2020 [ECF No. 8].

                                                      Respectfully submitted,

                                                      /s/ Ronald A. Hope

Of Counsel:                                          Ronald A. Hope, Ark. Bar No. 81092
                                                        Ralph "Win" Wilson III, Ark. Bar No. 07279
Stephen R. Ward, Okla. Bar No. 13610         HOPE, TRICE, O'DWYER & WILSON, P.A.
C. Austin Birnie, Okla. Bar No. 31942          211 S. Spring Street
CONNER & WINTERS, LLP                     Little Rock, Arkansas 72201
4000 One Williams Center                         Telephone: (501) 372-4144
Tulsa, Oklahoma 74172-0148                    Telecopier: (501) 372-7480
Telephone: (918) 586-8978                        E-Mail: rhope@htolaw.com
Telecopier: (918) 586-8698                                wwilson@htolaw.com
E-Mail: sward@cwlaw.com

*Attorneys for Defendants, Saracen Development, LLC, and John L. Berrey*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 5th day of June, 2020, I electronically transmitted a full, true, and correct copy of the above and foregoing instrument, the "MOTION OF THE DEFENDANTS, SARACEN DEVELOPMENT, LLC AND JOHN L. BERREY, TO STAY DISCOVERY AND OTHER DEADLINES," to the Clerk of Court using the Electronic Case Filing System (the "ECF System") for filing and transmittal of a Notice of Electronic Filing to the filing following ECF registrants (names only):

    Mark Murphey Henry, mhenry@roselawfirm.com
    Joseph Hall, jhall@roselawfirm.com
    Jack East, III, jack@jackeastlaw.com
    Jason Campbell, campbell@amhfirm.com

    /s/ Ronald A. Hope
Ronald A. Hope, Ark. Bar No. 81092
Ralph "Win" Wilson, III, Ark. Bar No. 07279
HOPE, TRICE, O'DWYER & WILSON, P.A.
211 S. Spring Street
Little Rock, Arkansas 72201
Telephone: (501) 372-4144
Telecopier: (501) 372-7480
E-Mail: rhope@htolaw.com
        wwilson@htolaw.com