IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| MARLON BLACKWELL ARCHITECTS, P. A.<br><br>*Plaintiff,*<br><br>v.<br><br>HBG DESIGN, INC.; SARACEN DEVELOPMENT, LLC; and JOHN LANE BERREY in his official capacity as Chairman of the Quapaw Tribal Business Committee<br><br>*Defendants.* | Case No. 19-cv000925-KGB |

**JOINT RULE 26 REPORT**

Plaintiff, Marlon Blackwell Architects, P.A. ("MBA" or "Plaintiff"), and Defendants, HBG Design, Inc. ("HBG"), Saracen Development, LLC ("Saracen Development"), and John L. Berrey ("Berrey") (collectively, the "Defendants"), provide the following report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1:

1.  **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

    Plaintiff: No. Defendants have sought no protective order to avoid its discovery obligations.

    Defendants: Yes. Defendants object to all mandatory disclosures required under Fed. R. Civ. P. 26(a) because each of the Defendants has a motion to dismiss pending which, if granted, would resolve all or part of the claims in this case, namely the Motion to Dismiss of HBG Design, Inc. [Doc. 8], the Motion of the Defendant John L. Berrey to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 10], and the Motion of the Defendant, Saracen Development, LLC, to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Doc. 12]. Additionally, each of the Defendants have pending motions to stay all discovery and other deadlines pending a final resolution of the above-mentioned motions to dismiss, including Berrey's motion to dismiss, which is based on sovereign

immunity. [Docs. 21 and 24.] While there is no requirement that Defendants must file for a protective order when objecting to mandatory disclosures, Defendants will submit a separate objection to such disclosures to ensure the record is complete on this issue.

2. **Date when mandatory disclosures were or will be made.**

   Plaintiff: Disclosures as listed in Fed. R. Civ. P. 26(a) will be made on or before July 29, 2020. Defendants have sought no protective order to avoid its discovery obligations.

   Defendants: Pursuant to Fed. R. Civ. P. 26(a)(1)(C) and 26(c), the Defendants object that mandatory disclosures are appropriate in the circumstances of this action. (*See* paragraph 8 below.) While there is no requirement that Defendants must file for a protective order when objecting to mandatory disclosures, Defendants will submit a separate objection to such disclosures to ensure the record is complete on this issue.

3. **Subjects on which discovery may be needed.**

   Plaintiff: In this copyright case, among other claims, Plaintiff anticipates conducting discovery on the entirety of the Saracen Casino construction project to ascertain the extent to which the plans incorporate and utilize Plaintiff's federally protected designs, including planning, construction, and financing of such project, all communications with all contractors and subcontractors and public officials about the Saracen Casino construction project, including the passage of the ballot measure authorizing the existence of the Saracen Casino, including discovery into Plaintiff's tort claims, Plaintiff's infringement allegations, the authorization for the creation of Saracen Development, LLC, all communications with the Arkansas Gaming Commission, Plaintiff's alleged damages, and Defendants' asserted defenses to such claims. Plaintiff did not withdraw from the project as Defendants suggest.

   Defendants: Defendants anticipate conducting discovery on Plaintiff's involvement with the design and construction of the Saracen Casino Resort project (the "Project") and any relevant third-parties' involvement, Plaintiff's communications with each of the named Defendants and any relevant third-parties, Plaintiff's withdrawal from the Project, Plaintiff's conception, design, creation, and development of the work at issue, and Plaintiff's relevant copyright applications and registrations (if any). Defendants anticipate objecting to Plaintiff's discovery into, among other things, "the entirety of the Saracen Casino construction project," the financing of the Project, the authorization for the existence of Saracen Development, LLC, and all communications and matters with the Arkansas Racing Commission, as these subject matters are not relevant to Plaintiff's claims, which are based in copyright infringement, and inquiries into these subjects would not be reasonably calculated to lead to the discovery of admissible evidence.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

2

**(a)** **whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Yes. All parties have provided assurances of having maintained electronic data including communications comprising emails, texts, and other communication channels. The parties have not yet reached agreement on the scope of electronic discovery.

**(b)** **the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

Not applicable.

**(c)** **the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The parties could not agree on the format and media but appear agreeable to discussing agreed procedures for making such electronic production using a shared file system whereby discovery is provided using a secure downloadable link, thereby obviating the need for paper copies and exchange of hard drives or other digital storage devices.

Plaintiff: This joint report does not seem to be the reasonable time or place to present lengthy argument as Defendants have done. Nevertheless, Plaintiff proposed that all responsive electronic documents will first be produced in native format and, secondarily, produced in a computer-readable electronic format (e.g., PDF) having a Bates footer with a sequentially ascending production number. Defendants do not state why native format – which is easily searchable and easily indexed using computers at very low cost, is not permitted. Defendants offer no suggestion of when or if native files would ever be disclosed. The problem with Defendants' analysis is that the vast majority of all communications and work on the Saracen Project occurred via email and other electronic communication and is stored in electronic file structures. Native format is how the data is available and retrieved by a custodian; such native format is then copied, and such copied files are then selected and thereafter exported into a more fixed medium having Bates Numbers. This case is about computer files and electronic communications, especially using computers as the native working platform. The production of native files cannot double any parties' costs of production or review. In particular, many of the architectural files on this project were created within an architectural drafting format known as BIM//REVIT and information was conveyed among parties using collaboration software and email servers. All such programs easily permit simple backup and exporting copies of such files with the mere push of a button, retaining all original character of such files and date sequencing setting forth

the relevant timeline of such work. Plaintiff's suggested approach on the front end avoids needless discovery battles and costs and removes opportunity for gamesmanship. See major discovery battles involving electronic discovery set forth in *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, 2018 U.S. Dist. LEXIS 55242 (WD Ark. March 31, 2018).

Defendants: All responsive electronic documents will be produced in a computer-readable electronic format such as .tiff or .pdf having a Bates footer with a sequentially ascending production number and certain meta-data maintained, based upon agreement of the parties. Plaintiff's proposed approach unnecessarily doubles the cost, as it contemplates the parties producing the same documents twice. Such an expense is unduly burdensome, and Defendants object to this approach. While Defendants will continue to preserve the integrity of the native files, including but not limited to the integrity of the documents and all metadata, Defendants object to the production of native files absent the showing of a particular need for production of electronically stored information in its native format. Further, while Defendants are willing to provide certain metadata (to be agreed upon by the parties), Plaintiff provides no reason for why it needs access to all metadata. The common refrain from parties seeking all metadata is to determine if a document has been tampered with but courts have made swift work of such arguments, noting that a party setting forth such arguments must have concrete facts to base such assumptions on. *See Copperhead Agric. Prods., Ltd. Liab. Co. v. KB AG Corp., Ltd. Liab. Co.*, No. 4:18-CV-04127-LLP, 2019 U.S. Dist. LEXIS 215212, at *26-30 (D.S.D. Dec. 10, 2019).

**(d)    whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

Yes.

**(e)    other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

Plaintiff: None at this time, other than it appears Defendants do not wish to provide native files without avoidable discovery battles. Defendants purport to have performed a determination of the volume of ESI but do not provide actual information about that information, as though size of such information somehow bears upon the question of relevance – it does not. It is obvious and reasonable to expect computer architectural drafting programs store plenty of information and therefore offer large file sizes, however, such fact does not mean such work is not relevant and should be any more costly than copying a standard email file or other file. The argument of size of a file to cost of duplication is not supported by anything other than argument given today's ease with which people in the industry share data. If it was not too large to be shared with other professionals on

4

this project, then it's not too large to be shared in discovery. Defendants are adopting a theory to weigh an airplane to determine its flightworthiness, which is illogical. Defendants are telegraphing to all parties and the Court they are not going to approach discovery in a cost-effective, reasonable way.

Defendants: Defendants have determined that the volume of electronic materials potentially subject to discovery is very large, and the production of which could be extremely costly. Accordingly, Defendants anticipate that limitations on the scope of electronic discovery (*e.g.*, time frame, custodians, and search terms) will be required.

5.  **Date by which discovery should be completed.**

    Plaintiff: 105 days before trial. The Parties agree this will be expert-witness intensive, see Paragraph 6 (Defendants' statement on needing additional depositions because the parties will have multiple expert witnesses). Defendants' suggestion this case will be exceedingly costly for discovery defeats their logic in suggesting the absolute last date before trial for a discovery cutoff.

    Defendants: February 24, 2021 (*i.e.*, 75 days before trial), provided that the parties may conduct discovery beyond this date if all parties are in agreement to do so. Pursuant to the Proposed Final Scheduling Order [Doc. 20], the Court has proposed February 24, 2021 as the provisional discovery deadline. Defendants object to Plaintiff's attempt to shorten the discovery period because the parties anticipate discovery being highly complex in this case given the nature of the copyright claims asserted and the potentially large volume of electronic discovery. Additionally, Defendants reserve the right to object to and revise this deadline upon resolution of the Defendants' pending motions to dismiss [Docs. 8, 10, and 12] and the pending motions to stay all discovery and other deadlines pending a final resolution of the motions to dismiss [Docs. 21 and 24].

6.  **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

    Plaintiff: Yes. Plaintiff anticipates the need for additional depositions beyond the limitations of Fed. R. Civ. P. 30(a)(2)(A)(i) because of the number of defendants and the complexities of this case and proposes fifteen (15) depositions.

    Defendants: Yes. Due to the complexity of this case, and the likelihood that each party will have multiple expert witnesses, additional depositions may be needed.

7.  **Any orders, e.g. protective orders, which should be entered.**

    Plaintiff: In assessing Defendants' past position in a report that was intended to be joint by agreement, wherein the Defendants issue blanket refusals to provide discovery and complain of exorbitant costs of producing computer files in the form they are stored in a

computer, it is anticipated Defendants will be seeking the most restrictive and cumbersome protective order the Court will permit. Plaintiff urges caution here, especially as files on this project are, necessarily shared with third parties who are not under obligation of confidentiality.

Defendants: A protective order may be necessary given the confidential information likely to be requested and produced in this case. The parties will confer regarding the content of a proposed protective order and anticipate submitting an agreed order to the Court for its consideration.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

Plaintiff: No. Plaintiff requests assistance in requiring Defendants to participate in discovery rather than recycling long excerpts from its briefing when the issue is already presented to the Court for determination. Defendants have sought no protective order.

Defendants: Pursuant to Fed. R. Civ. P. 26(a)(1)(C) and 26(c), Defendants object to initial disclosures on the ground that mandatory disclosures are not appropriate in this action until the final resolution of the Defendants' pending motions to dismiss [Docs. 8, 10, and 12] and the pending motions to stay all discovery and other deadlines pending a final resolution of the motions to dismiss [Docs. 21 and 24]. In particular, Berrey's motion to dismiss [Doc. 10] raises the defense of tribal sovereign immunity which, if granted, means the Court lacks jurisdiction over the claims asserted against Berrey, and that such claims are barred. The question of sovereign immunity should be resolved before the Defendants are required to make any initial disclosures and before any discovery is permitted to take place because, as a tribal officer entitled to immunity, Berrey possesses "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985). A stay of the requirement to make initial disclosures applies to each of the Defendants because well-established precedent in the Eighth Circuit supports a stay of discovery and other proceedings when even one of multiple defendants raises a sovereign immunity defense. *See, e.g., Jones v. Clinton*, 879 F. Supp. 86 (E.D. Ark. 1995), *aff'd in relevant part* 72 F.3d 1354 (8th Cir. 1996), *aff'd* 520 U.S. 681, 117 S. Ct. 1636 (1997); *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp.2d 1086, 1088 (W.D. Mo. 1999). Requiring the Defendants to comply with discovery obligations and other deadlines while Berrey's motion to dismiss remains pending would defeat the value of the immunity possessed by Berrey and asserted in this case. A stay of the initial disclosure requirement is also warranted because all the defendants have motions to dismiss pending which, if granted, would lead to a final resolution of this case. [*See* Docs. 8, 10, and 12.] Without a stay, the parties may be engaging in time-consuming, expensive, and potentially needless discovery, which the parties anticipate being complex given the nature of the copyright claims asserted in this case.

9. **Any objections to the proposed trial date.**

   Plaintiff: None.

   Defendants: None at this time, but Defendants reserve the right to object to the proposed trial date as the parties engage in discovery, and pending the Court's resolution of the Defendants' pending motions to dismiss [Docs. 8, 10, and 12] and the pending motions to stay all discovery and other deadlines pending a final resolution of the motions to dismiss [Docs. 21 and 24].

10. **Proposed deadline for joining other parties and amending the pleadings.**

    Plaintiff: The case has been pending since December 20, 2019. Plaintiff wishes to move forward with this case. Given the straightforward nature of this case and the use of expert witnesses, taken together with the timeline of the claims (2016 – 2019), Plaintiff seeks an early deadline to amend pleadings, an early deadline to finalize discovery, an early opportunity to present Daubert motions, and adequate time for the Court to make decisions on such motions before trial. Plaintiff reasonably understands all necessary parties are in this case and has heard nothing to the contrary from Defendants. Plaintiff therefore proposes 270 days before trial.

    Defendants: November 16, 2020 (*i.e.*, 175 days before trial). Pursuant to the Proposed Final Scheduling Order [Doc. 20], the Court has proposed November 16, 2020 as the provisional deadline for the addition of parties and amendment of pleadings. Defendants object to Plaintiff's attempt to shorten this deadline because doing so is likely to be prejudicial to Defendants given the complex nature of the claims in this case. Additionally, Defendants reserve the right to object to and revise this deadline upon resolution of the Defendants' pending motions to dismiss [Docs. 8, 10, and 12] and the pending motions to stay all discovery and other deadlines pending a final resolution of the motions to dismiss [Docs. 21 and 24].

11. **Proposed deadline for completing discovery.**

    Plaintiff: 150 days before trial. The facts supporting the claims largely occurred between 2016-2019. Discovery into the current construction in 2020 would be straightforward in discovering job costs (a percentage of which is the architect's fee), changes in the original plans implemented onsite, and communications as to the motivation for such changes to the original plans.

    Defendants: *See* response to paragraph 5 above.

12. **Proposed deadline for filing motions other than motions for class certification.**

    Plaintiff: 100 days before trial.

Defendants: March 11, 2021 (*i.e.*, 60 days before trial) for all motions except for motions *in limine*. April 9, 2021 (*i.e.*, 31 days before trial) for motions *in limine*. Pursuant to the Proposed Final Scheduling Order [Doc. 20], the Court has proposed March 11, 2021 as the provisional deadline for all motions, except motions for class certification and motions *in limine*. Defendants object to Plaintiff's attempt to shorten the deadline for motions, with the exception of Plaintiff's proposed deadline for motions *in limine*, because doing so is likely to be prejudicial to Defendants given the complex nature of the claims in this case. Additionally, Defendants reserve the right to object to and revise this deadline upon resolution of the Defendants' pending motions to dismiss [Docs. 8, 10, and 12] and the pending motions to stay all discovery and other deadlines pending a final resolution of the motions to dismiss [Docs. 21 and 24].

13. **Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

    Not applicable.

14. **Proposed schedule agreed to by the parties.**

    The parties could not agree on a proposed schedule.

    Plaintiff: On rationale set forth in the preceding paragraphs, Plaintiff proposes the following:

| Event | Proposed Deadline |
|---|---|
| Addition of Parties/Amendment of Pleadings | August 13, 2020 (270 days before trial) |
| End of Fact Discovery | December 11, 2020 (150 days before trial) |
| Initial Expert Reports | November 16, 2021 (175 days before trial) |
| Responsive Expert Reports | December 11, 2020 (150 days before trial) |
| Dispositive Motions/*Daubert* Motions | January 30, 2021 (100 days before trial) |
| Motions in Limine | April 9, 2020 (31 days before trial) |
| Trial | Week of May 10, 2021 |

Defendants: Defendants urge the Court to adopt the deadlines set forth in the Amended Initial Scheduling Order and Proposed Final Scheduling Order [Doc. 20], with the

8

exception of the deadline for the submission of motions *in limine* set forth therein, as follows:

| Event | Proposed Deadline |
|---|---|
| Addition of Parties/Amendment of Pleadings | November 16, 2020 (175 days before trial) |
| End of Fact Discovery | February 24, 2021 (75 days before trial) |
| Disclosure of Plaintiff's (or Party with Burden of Proof) Rule 26(a)(2) Expert Information | December 11, 2020 (150 days before trial) |
| Disclosure of Defendant's (or Opposing Party) Rule 26(a)(2) Expert Information | January 11, 2021 (120 days before trial) |
| Dispositive Motions/*Daubert* Motions | March 11, 2021 (60 days before trial) |
| Motions in Limine | April 9, 2021 (31 days before trial) |
| Trial | Week of May 10, 2021 |

However, Defendants reserve the right to object to and revise this proposed schedule upon resolution of the Defendants' pending motions to dismiss [Docs. 8, 10, and 12] and the pending motions to stay all discovery and other deadlines pending a final resolution of the motions to dismiss [Docs. 21 and 24].

Respectfully submitted,

MARLON BLACKWELL ARCHITECTS, P.A.

By: _____
Mark Murphey Henry, Ark. Bar No. 97170
HENRY LAW FIRM
P.O. Box 4800
Fayetteville, AR 72702
Telephone: (479) 368-0555
mark@henry.us

Jack East III, Ark. Bar No. 75036
1100 N. University Ave., Ste. 140
Little Rock, AR 72207
Telephone: (501) 372-3278

*Counsel for Plaintiff*

*/s/ Ronald A. Hope*

Of Counsel:
Stephen R. Ward, Okla. Bar No. 13610
C. Austin Birnie, Okla. Bar No. 31942
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
Telephone: (918) 586-8978
Telecopier: (918) 586-8698
E-Mail: sward@cwlaw.com

Ronald A. Hope, Ark. Bar No. 81092
Ralph "Win" Wilson III, Ark. Bar No. 07279
HOPE, TRICE, O'DWYER & WILSON, P.A.
211 S. Spring Street
Little Rock, Arkansas 72201
Telephone: (501) 372-4144
Telecopier: (501) 372-7480
E-Mail: rhope@htolaw.com
  wwilson@htolaw.com

*Attorneys for Defendant, Saracen Development, LLC*

*/s/ Jason J. Campbell*

JASON J. CAMPBELL (Bar No. 2001119)
**Anderson, Murphy & Hopkins, L.L.P.**
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201
Telephone:    501-372-1887
Facsimile:    501-372-7706
Email:    campbell@amhfirm.com

NICHOLAS L. VESCOVO (TN Bar No. 30387)*
ISSAC S. LEW (TN Bar No. 36702)*
**Lewis, Thomason, King, Krieg, & Waldrop, P.C.**
40 South Main St., Suite 2900
Memphis, Tennessee 38103
Phone: (901) 525-8721
nvescovo@lewisthomason.com

* Motion for admission *pro hac vice* pending

*Attorneys for HBG Design, Inc.*

10