IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARLON BLACKWELL ARCHITECTS, P.A.**                                                             **PLAINTIFF**

v.                                       Case No. **4:19-cv-00925 KGB**

**HBG DESIGN, INC., SARACEN
DEVELOPMENT, LLC, and JOHN LANE
BERREY, in his official capacity as Chairman
of the Quapaw Tribal Business Committee**                                                      **DEFENDANTS**

## ORDER

Pending before the Court are defendant HBG Design, Inc.'s ("HBG"), motion to dismiss (Dkt. No. 8), defendant John L. Berrey's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 10), and Saracen Development, LLC's ("Saracen"), motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 12). Plaintiff Marlon Blackwell Architects, P.A. ("MBA"), responded in opposition to these motions to dismiss (Dkt. No. 17). For the following reasons, the Court denies the motions (Dkt. Nos. 8, 10, 12).

### I. Legal Standard

#### A. Federal Rule of Civil Procedure 12(b)(6)

HBG and Saracen move to dismiss certain claims alleged by MBA for failure to state a claim upon which relief can be granted. Further, the Court considers on this basis certain arguments Mr. Berrey makes in support of his motion to dismiss.

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). In determining the sufficiency of a complaint, courts review the complaint itself and any exhibits attached to the complaint. *Zink v. Lombardi*, 783 F.3d 1089, 1099 (8th Cir.) (en banc), *cert. denied*, 135 S. Ct. 2941 (2015) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs. *Twombly,* 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful the plaintiffs will be able to prove all of the necessary factual allegations. *Id.* at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears recovery is very remote and unlikely. *Id.* "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### B.     Federal Rule of Civil Procedure 12(b)(1)

Mr. Berrey argues in his motion to dismiss that this Court lacks subject matter jurisdiction over the claims asserted against him. Federal Rule of Civil Procedure 12(b)(1) applies to such motions. Subject-matter jurisdiction can be challenged on the face of the complaint or on the

factual truthfulness of the allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (internal citation omitted); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: (1) at the pleading stage, like a Rule 12(b)(6) motion; (2) on undisputed facts, like a summary judgment motion; and (3) on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008); *Osborn*, 918 F.2d at 728–30. When a Rule 12(b)(1) ruling resolves disputed facts, the court can take evidence at a hearing. *Id.* at 730. In contrast, a dismissal for failure to state a claim must be decided on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6), and a motion for summary judgment may not resolve disputed fact issues pursuant to Federal Rule of Civil Procedure 56(c). *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697–98 (8th Cir. 2003) (Rule 12(b)(6)); *Green v. City of St. Louis*, 507 F.3d 662, 666 (8th Cir. 2007) (summary judgment).

## II. HBG And Saracen's Motions

For the following reasons, the Court declines to dismiss MBA's claim for copyright infringement, request for statutory damages under the Copyright Act, claim for breach of contract, claim for tortious interference, and MBA's state law claims based on preemption.

### A. Copyright Infringement Claim

HBG and Saracen move to dismiss MBA's copyright infringement claim (Dkt. Nos. 9, at 2–9; 13, at 9–13). To defeat a 12(b)(6) motion, pleadings governed by Federal Rule of Civil Procedure 8 need to fulfill two requirements: notice and legal sufficiency. *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The pleadings need to contain

sufficient factual detail for the defendant to receive "fair notice of the basis for petitioner's claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). When accepted as true, the pleadings also must demonstrate a viable claim for relief that is more than merely speculative. *Twombly*, 550 U.S. at 555. There is no heightened pleading standard for copyright infringement claims. MBA need not plead copyright infringement with specificity, and neither HBG nor Saracen cites this Court to controlling contrary authority. *See* Fed. R. Civ. P. 9(b).

Copyright infringement has two elements: ownership of a valid copyright and copying of original elements of the work. *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (citing *Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). MBA agrees that, with certain exceptions, registration is a prerequisite to filing a lawsuit for copyright infringement. *See* 17 U.S.C. § 411(a). MBA does not dispute that the scope of its claim here is limited to the scope of the registrations it has actually acquired and that it references in its complaint (Dkt. No. 17, at 7). MBA's 55-page, 119-paragraph complaint provides sufficient factual background to establish a basis for ownership of copyrighted material, access by the HBG and Saracen, and illegal copying of the copyrighted materials. It is unnecessary for MBA to allege copying with great specificity. MBA in its complaint states a copyright infringement claim on which relief may be granted. HBG and Saracen's motions to dismiss this claim are denied. Further, the Court denies Saracen's alternative motion for more definite statement (Dkt. No. 13, at 13 n.2). MBA has satisfied the pleading standard here. Having considered all of the parties' arguments and the allegations in the complaint, the Court denies the motion to dismiss this claim.

### B. Request For Statutory Damages

HBG moves to dismiss MBA's request for statutory damages (Dkt. No. 9, at 10–12). The Court denies without prejudice as premature this motion to dismiss MBA's request for statutory

damages.  *See, e.g.*, *Hardy v. Bartmess*, 696 F. Supp. 2d 1008, 1016 (E.D. Ark. 2010).  The parties correctly agree that 17 U.S.C. § 412(2) prohibits awards of statutory damages or attorney fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  MBA also does not dispute that the registrations currently at issue and identified in the complaint were effective more than three months after their works' first publication (Dkt. No. 17, at 14).  As MBA argues, however, the question of how many infringements have occurred and on what dates which parties commenced each such infringement are ones to be resolved after the benefit of factual discovery.  The Court rejects at this stage of the litigation HBG's attempts to confine the dates of purported infringement based on its argued construction of select language in the complaint (Dkt. No. 9, at 11–12).  For these reasons, having considered all of the parties' arguments and the allegations in the complaint, the Court denies the motion to dismiss this claim.

### C.     Breach Of Contract Claim

HBG moves to dismiss MBA's breach of contract claim (Dkt. No. 9, at 12–17).  "[I]n order to state a cause of action for breach of contract [under Arkansas law] the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and the defendant, the obligation of the defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach."  *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 436 S.W.3d 445, 450 (Ark. 2014) (citing *Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004)).  "When performance of a duty under a contract is contemplated, nonperformance of that duty is a breach."  *Cozart v. Logue*, 447 S.W.3d 133, 136 (Ark. Ct. App. 2014).

Accepting all factual allegations in MBA's complaint as true, MBA sufficiently states a claim for breach of contract under Arkansas law upon which relief may be granted. Having considered all of the parties' arguments and the allegations in the complaint, the Court denies the motion to dismiss this claim.

### D. Tortious Interference Claim

HBG moves to dismiss MBA's tortious interference claim (Dkt. No. 9, at 17–19). To state a claim for tortious interference with a business expectancy under Arkansas law, a plaintiff must first show four elements: (1) a valid business relationship or expectancy; (2) the interfering party has knowledge of the relationship; (3) intentional interference induced a breach of the relationship; and (4) as a result, the plaintiff suffered damage. *Stewart Title Guar. Co. v. Am. Abstract & Title Co.*, 215 S.W.3d 596, 601 (Ark. 2005); *see also Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014). If the first four factors are met, then the plaintiff must also show that the interference was improper. *Id.* To determine if an action is improper, courts consider the following factors: (1) the nature of the actor's conduct; (2) the actor's motive; (3) the interests of the other with which the actor's conduct interferes; (4) the interests sought to be advanced by the actor; (5) the social interests in protecting the freedom of action of the actor and the contractual interests of the other; (6) the proximity or remoteness of the actor's conduct to the interference; and (7) the relations between the parties. *Stewart Title*, 215 S.W.3d at 607.

At this stage of the litigation, the Court denies HBG's motion to dismiss MBA's tortious interference claim. HBG initially argues that it cannot be held liable for allegedly tortuously interfering with a contract to which it was a party. Arkansas has adopted the common proposition that a party to a contract and its employees and agents, acting within the scope of their authority, cannot be held liable for interfering with the party's own contract. *See, e.g.*, *Faulkner v. Ark.*

6

*Children's Hosp.*, 69 S.W.3d 393, 405 (Ark. 2002).  In other words, an action for tortious interference with a contractual relationship is based upon a defendant's conduct toward a third party.  *Baptist Health v. Murphy*, 373 S.W.3d 269, 283 (Ark. 2010) (citing *Palmer v. Ark. Council on Econ. Educ.*, 40 S.W.3d 784 (Ark. 2001); *St. Joseph's Reg'l Health Ctr. v. Munos*, 934 S.W.2d 192 (Ark. 1996)).  MBA is correct that, in *Baptist Health*, the Arkansas Supreme Court examined and specifically rejected Baptist Health's arguments regarding "the stranger doctrine" as applied to tortious interference claims.  Specifically, the Arkansas Supreme Court determined that, while Baptist Health cited a few cases from other jurisdictions that used the "interwoven relationship" standard for immunity in tortious-interference cases, the court declined to adopt the reasoning of those courts and declined to apply the doctrine on the facts presented in that case.  *Baptist Health*, 373 S.W.3d at 283.  At this stage, accepting MBA's factual allegations in the complaint as true, the Court declines to dismiss MBA's tortious interference claim on this basis.

Further, the Court rejects HBG's attempt to dismiss this claim on the basis that MBA has not sufficiently alleged a contractual relationship with Saracen or the Quapaw Nation.  In *Stewart Title Guaranty Co. v. American Abstract & Title Co.*, 215 S.W.3d 596 (Ark. 2005), the Arkansas Supreme Court engaged in a lengthy discussion about what constitutes a valid business expectancy and held that "any prospective business relationship that would be of pecuniary value constitutes a valid business expectancy."  215 S.W.3d at 603.  The *Stewart Title* court affirmed a jury finding on this element where the witnesses testified that "long, long term relationships" were interfered with.  *Id.* at 604.  Accepting MBA's factual allegations in the complaint as true, the Court also declines to dismiss MBA's tortious interference claim on this basis.

Having considered all of the parties' arguments and the allegations in the complaint, the Court denies the motion to dismiss this claim.

### E. Preemption

HBG also moves to dismiss MBA's breach of contract, tortious interference, and unjust enrichment claims based on its assertion that those claims are preempted by the federal Copyright Act (Dkt. No. 9, at 19–28).  Saracen also moves to dismiss MBA's unjust enrichment claim based on alleged preemption (Dkt. No. 13, at 14–16).

A state law claim is preempted under § 301 of the Copyright Act if "(1) the work at issue is within the subject matter of the copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of the copyright as specified in § 106."  *Nat'l Car Rental System, Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993).  "Section 301 preempts only those state law rights that 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'"  *Id.* at 431 (quoting *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).  "If an extra element is 'required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of the copyright and there is no preemption.'"  *Id.* (quoting 1 Nimmer on Copyright § 1.01[B], at 1-14-15).  The Court must determine whether each of MBA's state law claims may only be construed as falling squarely under the Copyright Act.

Having reviewed the parties' briefing on the preemption argument and the allegations in MBA's complaint, the Court at this stage of the litigation denies HBG and Saracen's motions to dismiss MBA's state law claims on the basis of preemption.

### III.     Mr. Berrey's Motion

Mr. Berrey seeks dismissal of the claims against him on the basis of sovereign immunity (Dkt. No. 10, at 1). He claims that this Court lacks subject matter jurisdiction over the claims MBA asserts. The Court denies Mr. Berrey's motion for the following reasons.

Mr. Berrey is correct that federally recognized Indian tribes are sovereign governments that are shielded by immunity from unconsented lawsuits. *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788–89 (2014). As MBA correctly points out, the United States Supreme Court has determined that, although sovereign immunity protects tribes from suits for damages, "tribal immunity does not bar suit for injunctive relief against individuals, including tribal officers, responsible for unlawful conduct." *Id.* at 796. This exception follows the well-developed doctrine of *Ex parte Young*, 209 U.S. 123 (1908), whereby "state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law." *See Missouri Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002). A court considering whether the *Ex parte Young* exception applies need only conduct "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *281 Care Committee v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)). In its complaint, MBA sues Mr. Berrey "only for injunctive relief in his official capacity as Chairman, and not for damages in his individual capacity." (Dkt. No. 1, ¶ 5).

For these reasons, although the Court will evaluate Mr. Berrey's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court does not consider his motion to dismiss as one properly based upon subject matter jurisdiction or properly brought pursuant to Federal Rule of

Civil Procedure 12(b)(1). Therefore, when ruling on Mr. Berrey's motion to dismiss, the Court will not look beyond the pleadings or consider documentary evidence purporting to challenge the jurisdictional facts (Dkt. No. 11, at 8). Instead, the Court confines its analysis when resolving this motion to the factual allegations in MBA's complaint. The affidavit Mr. Berrey attempts to submit now is more properly presented with a motion for summary judgment, not this Rule 12(b)(6) motion to dismiss. The Court will not consider it.

The Court concludes that MBA's complaint sufficiently alleges facts that, if true, state a claim against Mr. Berrey in his official capacity for violation of federal law upon which prospective injunctive relief can be granted. The Court rejects Mr. Berrey's argument that it lacks subject matter jurisdiction, and the Court denies Mr. Berrey's motion to dismiss (Dkt. No. 10).

### IV. Conclusion

The Court denies the pending motions to dismiss (Dkt. Nos. 8, 10, 12). Under Federal Rule of Civil Procedure 12(a)(4)(A), the parties must file responsive pleadings within 14 days after entry of this Order. Given the status of this matter, and the passage of time, the Court will issue an amended initial scheduling order that proposes a new trial date and new pretrial deadlines.

It is so ordered this 18th day of November, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge