IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARLON BLACKWELL ARCHITECTS, P.A.**                              **PLAINTIFF**

v.                           Case No. 4:19-cv-00925 KGB

**HBG DESIGN, INC., SARACEN
DEVELOPMENT, LLC, and JOHN LANE
BERREY, in his official capacity as Chairman
of the Quapaw Tribal Business Committee**                          **DEFENDANTS**

## ORDER

Before the Court is defendants Saracen Development, LLC ("Saracen"), and John L. Berrey's motion to stay discovery and other deadlines (Dkt. No. 21). Also before the Court is defendant HBG Design, Inc.'s ("HBG"), motion to stay discovery (Dkt. No. 24). Plaintiff Marlon Blackwell Architects, P.A. ("MBA"), responded in opposition to both motions to stay discovery (Dkt. Nos. 23, 26). Also before the Court is defendants' combined motion to quash subpoenas and motion for a protective order (Dkt. No. 31). MBA responded in opposition (Dkt. No. 32).

**I.     Motions To Stay Discovery**

Defendants have each filed a separate motion to dismiss MBA's claims against them (Dkt. Nos. 8, 10, 12). Defendants request that the Court stay discovery and all other deadlines, including but not limited to the parties' compliance with Rule 26(a)(1), pending the issuance of a final, non-appealable order on their motions to dismiss (Dkt. Nos. 21, at 3–4; 24, at 2).

Generally, the filing of a motion to dismiss, by itself, does not constitute "good cause" to stay discovery pursuant to Rule 26(c)(1). *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."); *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. CIV. 13-1356 ADM/FLN,

2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) (quoting same). Whether to grant a stay generally is up to the court's discretion, and federal courts have considered various factors in determining whether a stay is appropriate in a particular case. *TE Connectivity*, 2013 WL 4487505, at *2. "Among other things, district courts have taken a 'peek' at the merits of the pending dispositive motion, considered the breadth of pending discovery, and balanced the harm produced by delaying discovery against the possibility that the entire matter will be resolved by the motion." *Id.*

By separate Order the Court denied defendants' motions to dismiss (Dkt. No. 33). As a result, the Court denies defendants' motion to stay discovery (Dkt. Nos. 21, 24). Given the status of this matter, and the passage of time, the Court will issue an amended initial scheduling order that proposes a new trial date and new pretrial deadlines.

## II. Motion To Quash Subpoenas And Motion For A Protective Order

On August 6, 2020, defendants filed a combined motion to quash subpoenas and motion for a protective order (Dkt. No. 31). Defendants request that the Court quash subpoenas that MBA sent to two third parties, Suffolk Construction Company, Inc., and Nabholz Construction Corporation (*Id.,* at 1). Defendants also request that the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) forbidding disclosure of the documents and information sought in the subpoenas until the final resolution of the defendants' motions to dismiss (*Id.*, at 5). By separate Order the Court denied defendants' motions to dismiss (Dkt. No. 33). Defendants represent that the subpoenas seek production of confidential and proprietary information (Dkt. No. 31, ¶ 6), but there is no indication in the record before the Court that the subpoenas at issue request anything more than routine business documents related to a construction project. Further, the third parties purportedly agreed to comply with the subpoenas. Defendants also failed to comply with

Local Rule 7.2(g) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas which requires that all "discovery-enforcement motions . . . shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court." Failure to comply with Local Rule 7.2(g) may result in summary dismissal of such a motion.

For these reasons, the Court sees no basis to enter a protective order, having resolved the pending motions to dismiss. As a result, the Court denies defendants' combined motion to quash subpoenas and motion for a protective order (Dkt. No. 31). In the parties' joint Rule 26 report, defendants represented that the parties will confer regarding the content of a proposed protective order (Dkt. No. 29, at 6). Accordingly, the Court directs the parties to meet and confer on the protective order issue and then to inform the Court within 10 days of their conference regarding the status of that issue. Any party may refile a request for a protective order in this matter, if appropriate.

### III. Conclusion

For the reasons stated above, the Court denies Saracen and Mr. Berrey's motion to stay discovery and other deadlines and HBG's motion to stay discovery (Dkt. Nos. 21, 24). The Court also denies defendants' combined motion to quash subpoenas and motion for a protective order (Dkt. No. 31).

It is so ordered this 18th day of November, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge