IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| Marlon Blackwell Architects, P. A, <br><br> *Plaintiff,* <br><br> v. <br><br> HBG Design, Inc.; <br> Saracen Development, LLC; and Joseph Byrd in his official capacity as Chairman of the Quapaw Tribal Business Committee, <br><br> *Defendants.* | Case No. 4:19-cv-00925-BSM |

## Motion for Sanctions against Saracen Development, LLC

    Plaintiff ("MBA") seeks an Order pursuant to Fed. R. Civ. P. 37 for sanctions against Saracen Development, LLC ("Saracen") for failure to cooperate in discovery, for vexatiously driving up the cost of the litigation, and the wholesale disregard of the duties and obligations of preparing any proper 30(b)(6) witnesses on the specifically enumerated topics for examination. This failure to cooperate in discovery on the part of Saracen is prejudicial and very costly to Plaintiff, and the casino should be held to account.

    1. Fed. R. Civ. P. 30(b)(6) permits a party to litigation to seek the deposition of a public or private entity so long as it describes with reasonable particularity in a notice of deposition the topics on which that entity is to be deposed.

    2. Once that notice of deposition having reasonable particularity is sent, the named organization is under a legal obligation to designate one or more officers, directors, or

managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. The persons designated must be competent to testify about information known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6).

3.  Rule 30(b)(6) deponents testify on behalf of entities, not themselves, and often do so based on careful advance preparation, not personal knowledge. The organization has an obligation to suitably prepare those witnesses to knowledgably testify on behalf of the organization on the subjects for which they are designated.

4.  Plaintiff worked in good faith cooperatively with Saracen to schedule the depositions of Saracen's 30(b)(6) witnesses. **Exhibits 1–4**.

5.  Plaintiff served Saracen with a notice of 30(b)(6) deposition properly identifying with particularity 63 topics on which testimony would be taken. **Exhibits 2–3**.

6.  Saracen did not object to the deposition notice nor scope of the topics.

7.  Saracen designated only six witnesses on thirteen of the topics designated by Plaintiff (numbers 2, 4, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, and 19). Saracen ignored all other topics. **Exhibit 4**.

8.  Plaintiff prepared extensively for the depositions of these corporate designees, but the witnesses did the exact opposite.

9.  None of Saracen's corporate witnesses had done anything meaningful to prepare. Only one of the six witnesses actually testified competently about the specific topic for which he or she were designated, namely, Les Bigbee.

10.  Nevertheless, each of the six witnesses affirmatively declared under oath they knew virtually nothing about the case and had not attempted to prepare. *See* depositions

of Eric Bohn, Mary Cabalero, Lucas Setterfield, and Les Bigbee, attached as **Exhibits 5–8**.[1]

11. Saracen's counsel apparently did nothing to prepare its corporate witnesses.

12. In the case of 30(b)(6) witnesses, a failure to prepare is effectively a failure to appear for the deposition and is sanctionable.

13. Fed. R. Civ. P. 37 holds a party's failure to attend its own deposition sanctionable. This includes 30(b)(6) representatives. Fed. R. Civ. P. 37(d)(1)(A)(i).

14. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

15. "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

16. Saracen's omission and failure to appropriately designate and prepare its 30(b)(6) witnesses resulted in prejudice to Plaintiff.

17. Plaintiff was denied any chance to develop any evidence on virtually all of the 63 matters noticed with reasonable particularity by Plaintiff.

18. Saracen's conduct has prejudiced Plaintiff's ability to develop its claims, adequately prepare necessary expert witnesses, assess damages, and otherwise timely and fairly advance its claims. Saracen's conduct should be sanctioned by this Court to correct its errors and attempt to minimize prejudice to Plaintiff's case.

---

[1]  Draft deposition transcripts are provided where available. The deposition transcripts of Brock Eubanks and Michael Richardson were not available at the time this Motion was filed.

WHEREFORE, Plaintiff prays this Court award Plaintiff with an Order

(a) directing that the matters designated be taken as established for Plaintiff for purposes of the action, as permitted by Fed. R. Civ. P. 37(b)(2)(A)(i);

(b) prohibiting Saracen from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence as permitted by Fed. R. Civ. P. 37(b)(2)(A)(ii);

(c) granting Plaintiff its attorney's fees and costs in bringing this motion as required by Fed. R. Civ. P. 37(d)(3);

(d) granting Plaintiff its attorney's fees and costs in preparing for and conduction the depositions of Saracen's 30(b)(6) witnesses as required by Fed. R. Civ. P. 37(d)(3);

(e) ordering Saracen to properly designate and prepare witnesses for the 63 topics on which they were noticed, to be deposed within 3 weeks;

(f) granting Plaintiff its attorney's fees and costs in preparing for and conduction any future depositions of Saracen's appropriately-designated and prepared 30(b)(6) witnesses as required by Fed. R. Civ. P. 37(d)(3); and

(g) any other relief to which it may be entitled.

DATED: SEPTEMBER 2, 2021              MARLON BLACKWELL ARCHITECTS, P.A.

_____
Mark Murphey Henry, Ark. Bar No. 97170
HENRY LAW FIRM
P.O. Box 4800
Fayetteville, Arkansas 72702
Telephone:  (479) 368-0555
Email:      mark@henry.us

*Counsel for Plaintiff*