# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| MARLON BLACKWELL ARCHITECTS, P.A., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) No. 4:19-cv-00925-BSM <br> ) |
| HBG DESIGN, INC.; SARACEN DEVELOPMENT, LLC; and JOSEPH BYRD, in his official capacity as Chairman of the Quapaw Tribal Business Committee, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

### SARACEN DEVELOPMENT, LLC'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Saracen Development, LLC ("Saracen") states that Plaintiff's Motion for Sanctions should be denied and dismissed, that it has not failed to cooperate in discovery and the witnesses designated for thirteen (13) of the sixty-three (63) 30(b)(6) topics provided complete and knowledgeable responses.

### Applicable Legal Standards

Under Fed. R. Civ. P. 30(b)(6), a party to litigation may seek the deposition of a public or private entity as long as it describes with reasonable particularity the matters for examination. Pursuant to Rule 30(b)(6), when a party seeks discovery from an organization but does not know the identity of individuals with relevant knowledge, the party may name the organization as the deponent, requiring it to designate persons to testify in response. *Anderson v. Discovery Communs. LLC*, 814 F. Supp. 2d 562, *568 (D. Md. 2011). The named organization must designate one or

more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6); *Lee v. Nucor-Yamato Steel Co. LLP*, No. 3:07-cv-00098-BSM, 2008 U.S. Dist. LEXIS 67901, at *6 (E.D. Ark. Aug 25, 2008).

Pursuant to Rule 30(b)(6), when a party seeking to depose a corporation sets forth the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. *Id*. at *7, citing *Reilly v. NatWest Market Groups, Inc*., 181 F.3d 253, 268 (2d Cir.1999). To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable, and binding answers on its behalf. *Id.,* citing *Dwelly v. Yamaha Motor Corp*., 214 F.R.D. 537, 539-40 (D. Minn. 2003).

Saracen attended its own deposition on the topics with its designees and that the deponents provided complete and knowledgeable answers in connection with the questions asked regarding certain designated topics and that none of the witnesses were ill-prepared as to constitute failure to appear or that any of the deponents claimed to have no knowledge at all about the topic in which they were designated. *See, i.e., Hibu Inc. v. Peck*, 2017 U.S. Dist. LEXIS 61360, at *8-9 (D. Ks. Apr. 21. 2017); *Anderson*, 814 F. Supp. 2d 562, *568 (D. Md. 2011).

## Background

This case began against Saracen Development, LLC and John Berrey, then current chairman of the Quapaw Nation Business Committee. The relevant time period stated in Plaintiff's First Amended Complaint is from summer 2017 to approximately April 2019. While Saracen was

incorporated as an Arkansas LLC in December 2018, it did not begin conducting any official business in that name until approximately June 2019 after Downstream Development Authority of the Quapaw Tribe of Oklahoma ("DDA") was issued a Casino Gaming License and the DDA passed a Resolution to transfer the license to Saracen dated June 12, 2019. Exhibit "2" to Saracen's Response in Opposition. Saracen did not hire its first employee until June 2019.

Representatives and employees of Downstream Casino Resort ("Downstream") and the Quapaw Nation, including John Berrey, Chairman of the Quapaw Nation Business Committee in 2018 and 2019, and Chris Roper with Quapaw Services Authority, and project manager on QSA's behalf, were the individuals most involved in connection with the allegations during the time period referenced in Plaintiff's First Amended Complaint. In July 2020, John Berrey was defeated in his re-election bid. Additionally, most all of the employees or officers of Downstream Casino Resort and the Quapaw Nation that were involved with the allegations during the time period in Plaintiff's Amended Complaint were either terminated or those individuals resigned. As addressed by Plaintiff's counsel in each of the Saracen 30(b)(6) witness depositions, John Berrey and other members of his team have been charged criminally and sued by the Quapaw Nation. Saracen provided the names of former employees of Downstream, DDA or Quapaw Nation that are no longer employed by those entities that were involved on the Saracen Casino Resort project. Saracen has provided an Affidavit attached as Exhibit "3" to its Response in Opposition regarding its diligent search for persons to be able to currently be deposed with knowledge and not have to wait until a later date following review of other depositions needed to fully respond to other topics.

Discovery is ongoing in this matter that presently includes over 400,000 pages of documents with more to come. As of the date Saracen's 30(b)(6) witnesses were provided, August

3

23 and 24, 2021, neither John Berrey or Chris Roper's depositions had been taken or completed. Additionally, many other depositions for Separate Defendant, HBG, and others involved in the Saracen project have not been conducted or completed. Chris Roper's deposition was conducted on August 31, 2021. John Berrey's continuance of his deposition concluded on August 26, 2021. Saracen has performed an extensive search of persons with knowledge of the project to be deposed or otherwise designated as a 30(b)(6) witness. Saracen has made this information known to Plaintiff and its issues of the extremely unusual situation in that John Berrey is under criminal indictment and that most all of the employees involved are no longer employed or working for Downstream or the Quapaw Nation.

On August 16, 2021, Saracen identified six (6) individuals that are/were either employees of Downstream Casino Resort, Quapaw Services or the Quapaw Nation to address thirteen (13) of the sixty-three (63) topics. With the amount of discovery documents and depositions to be conducted, Saracen is still in the process of determination of additional 30(b)(6) witnesses for the remaining topics along with potentially reviewing depositions to include other witness who have not been deposed to date.

### Saracen's 30(b)(6) Witnesses and Testimony

Rule 30(b)(6) provides that the persons designated must testify about information known or reasonably known to the organization and that the organization must produce someone familiar with that subject. The organization must make available such number of persons as will be able to give complete, knowledgeable, and binding answers on its behalf. With this requirement in mind, each of the topics and designated persons provide responses on said topics as set forth below:

**Mary Cabalero**

Mary Cabalero "Cabalero," current Finance Director for Downstream was designated for topics (4), (8) and (10). Cabalero has been employed with Downstream since 2008 and was the financial controller for Downstream from 2012 to approximately March 2021. The following are Plaintiff's requests contained in his 30(b)(6) deposition notice for Saracen that Cabalero was designated.

> (4)   ***Saracen's payments to Plaintiff*** for the design of a casino in Arkansas ***after*** the passage of the Gaming Amendment, including any invoices for such work; who made the payment; the amount of any payment; the date of any payment; the contents of any communications concerning or contemporaneously with any payment; the date of such communications; where such communications took place; and the contents and existence of any documents supporting same.
>
> (8)   Saracen's expenditures for interior design services for the Saracen Casino Resort Project.
>
> (10)   Saracen's expenditures for FF&E for the Saracen Casino Resort Project.

Prior to the deposition, Saracen provided documents produced by Cabalero of Downstream with wire payment instructions to Driving Arkansas Forward that included an invoice for conceptual renderings from MBA to Downstream Development Authority. The invoice was dated September 30, 2018 in the amount of $12,000. Cabalero was a second signature on the wire transfer made on or about November 13, 2018. Cabalero testified regarding the MBA invoice "we paid Driving Arkansas Forward and there was an invoice that said something about Marlon Blackwell and that "she paid it [sic] Driving Arkansas Forward." Exhibit 6 to Plaintiff's Motion, Cabalero 51:24-25, 56:9-19. From documents and depositions, the invoice referenced was the only invoice MBA ever issued to Downstream Development Authority or Saracen. Cabalero properly addressed payment regarding this invoice. Further, her deposition testimony would otherwise satisfy topic

5

number 2 which is identical to topic number 4 except it asks about *Saracen's payments to Plaintiff* for the design of a casino in Arkansas *prior* to the passage of the Gaming Amendment.

Prior to the deposition, Saracen provided documents received from Cabalero related to Ron Woods Architecture for certain expenses. MBA's topic did not include specific information related to interior design, such as topic (7), but only as to expenditures. Cabalero explained certain expenditures for interior design work, stated she provided documentation that listed Woods Architecture and information contained on certain invoices questions and information on what accounts made payments for invoices. Exhibit 6 to Plaintiff's Motion, Cabalero 35:13-19, 36:24-37:24, 40:3-24, 42:12-24.

Also prior to the deposition, Saracen provided documents received from Cabalero related to Fellers Food Group for FF&E. MBA's topic did not include specific information related to FF&E, such as topic (9), but only as to expenditures. Cabalero further provide a spreadsheet during her deposition that provided amounts spent for FF&E, as well as other expenditures, such as machinery & equipment, computer equipment, gaming equipment, etc., and explained how each expenditure type of expenditure has its own number and how to read those numbers when it is stamped and approved by Downstream for payment.

MBA argues that Cabalero did not do anything to prepare and had not reviewed any documents or pleadings, and that Saracen failed to adequately prepare Cabalero to answer the questions on behalf of Saracen for the topics she was designated. If MBA believed that Cabalero was unprepared, it could have stopped the deposition at the beginning. However not only did Cabalero provide complete and knowledgeable answers and documents, but counsel also inquired additional information from her for a deposition that lasted over two hours.

**Michael Richardson**

Michael Richardson ("Richardson"), IT Director for Quapaw Nation, was designated for topics (17), (18) and (19) as it related to the questions for information located on Quapaw Nation servers and computers. Saracen has attached as Exhibit "4" to its Response in Opposition the deposition transcript of Michael Richardson for the purpose of this pleadings. Testimony given by Richardson is discussed below regarding those topics. The following are Plaintiff's requests contained in his 30(b)(6) deposition notice for Saracen that Richardson was designated.

> (17)   The process and efforts by which Saracen searched for and produced documents and responsive information to Plaintiff's Discovery Requests, including: (a) the identities of the custodians of the records that were produced; (b) a list of electronic devices that were searched; (c) a description of the search terms and protocols that were used to search electronic files; and (d) the names of the person who conducted the searches.
>
> (18)   All steps taken by Saracen to preserve documents, including but not limited to hard copies, electronic communications, and other electronically stored information, potentially relevant to the claims Plaintiff has asserted against Saracen, including, but not limited to measures taken to ensure that documents, email, electronic files, and other potentially discoverable materials were not preserved and not altered.
>
> (19)   Saracen's storage, retention, and destruction policies and procedures relative to all documents and electronically stored information produced by Saracen in this litigation and/or requested by Plaintiff but not produced by Saracen in this litigation.

Richardson testified that the Quapaw Nation has incremental backups for its system and that his office was over several departments of the Quapaw Nation, including realty, cattle company and Marshall services. Exhibit 4 to Saracen's Response, Richardson 8:13-17, 14:23 – 15:18, 16:9 – 17:8. Richardson stated that Chris Roper was with Quapaw Services. Exhibit 4 to Saracen's Response, Richardson 19:15-17. Richardson stated his office searched Chris Roper's emails related to certain search terms and put a litigation hold in approximately April 2020 on certain persons at the time. Exhibit 4 to Saracen's Response, Richardson 20:19 – 21:6, 27:24 –

28:8. Richardson discussed that the Tribal Gaming Agency may have Chris Roper's laptop that was owned by the Quapaw Nation in connection with an investigation and charges brought against John Berrey. Exhibit 4 to Saracen's Response, Richardson 21:20-22, 22:13 - 24:2. Richardson stated he directed Mikel Whitecrow to physically conduct the searches. Exhibit 4 to Saracen's Response, Richardson 30:24 – 31:14.

As stated above, Richardson provided information on process and efforts to search and produce documents requested, the steps taken and storage, retention and destruction policies and procedures for the Quapaw Nation. The only individuals whose communications have been specifically requested by Plaintiff have been Carlton Saffa, Ernie Caruthers, John Berrey and Chris Roper. Richardson only had access to emails and documents for Chris Roper (Berrey information was discussed by Les Bigbee and the others were on Downstream servers which were discussed by Bigbee). While not specifically questioned about it, Richardson and his team provided emails for other Quapaw Nation employees of Greg Mize and Timothy Kent.

### Brock Eubanks

Brock Eubanks ("Eubanks"), consultant for Quapaw Services Authority, was designated for topics (11) and (12). MBA had not received the deposition transcript of Eubanks to attach as an exhibit to its motion. Testimony given by Eubanks is discussed below regarding those topics. The following are Plaintiff's requests contained in his 30(b)(6) deposition notice for Saracen that Eubanks was designated.

> (11)   Saracen's determination of which subcontractors would be included in the scope of HBG's fees for the Saracen Casino Resort Project.
>
> (12)   Saracen's negotiation of the AIA B103-2017 contract between Saracen Development, LLC and HBG Design, Inc. dated June 20, 2019.

Eubanks testified that he is an independent contractor for Quapaw Services Authority and started work as a consultant related to the Saracen Casino project in September 2019. Exhibit 5 to Saracen's Response, Eubanks 5:4 - 14, 5:19 – 23.  He was employed with Arrowhead Builders in December 2018, one of three construction manager companies that interviewed for the Saracen Casino project, which was subsequently awarded to Suffolk/Nabholz. Exhibit 5 to Saracen's Response, Eubanks 7:18-21, 14:15-23. He testified that HBG is the architect of record on the project and stated several of the subcontractors that were on the project under HBG, such as Uzon-Case structural engineers, EXP, and McClelland Engineering. Exhibit 5 to Saracen's Response, Eubanks 29:8-20. He also stated that he has seen and reviewed certain portions of the AIA contract at different times related to issues that arise on the project and that HBG is the architect of record. Exhibit 5 to Saracen's Response, Eubanks 30:25 -31:12, 41:6-15.

Eubanks and Chris Samples are current project managers on behalf of Quapaw Services Authority for the Saracen Casino Resort project. Eubanks was an independent contractor for Quapaw Services Authority and was not involved in that capacity during the time period of any negotiation of the AIA contract. Those persons directly involved were John Berrey and Chris Roper. However, Eubanks did provide information regarding questions of counsel related to the project in connection with the topics proposed.

### Lucas Setterfield

Lucas Setterfield ("Setterfield"), Food and Beverage Director at Downstream Casino until approximately August 16, 2021, was designated for topics (7) and (9). The following are Plaintiff's requests contained in his 30(b)(6) deposition notice for Saracen that Setterfield was designated.

> (7)     Saracen's determination of the party or parties contracted to provide interior design services for the Saracen Casino Resort Project.

(9)     Saracen's determination of the party or parties contracted to provide Furniture, Fixtures, and Equipment (FF&E) services for the Saracen Casino Resort Project.

Setterfield testified that he worked on the Saracen project and when Saracen was being developed, his part was to lay out and plan the restaurants, pick out kitchen equipment, laying out the kitchens and finding capable people who would then hand the project off to. Exhibit 7 to Plaintiff's Motion, Setterfield 9:11-18. Setterfield was able to discuss information related to FF&E expenditures, including purchase of kitchen equipment with Fellers and that he was the main person that contacted Fellers to help identify pricing and inventory for kitchen equipment. Exhibit 7 to Plaintiff's Motion, Setterfield 21:7-16. Setterfield also testified regarding with working with HBG and its team for bringing samples, furniture samples, carpeting, wall colors and helping perform the interior design associated with the Saracen project. Exhibit 7 to Plaintiff's Motion, Setterfield 23:5-23. Setterfield also testified that he was present at some of the meetings where these topics were discussed. Exhibit 7 to Plaintiff's Motion, Setterfield 23:20 - 24:3

Setterfield was the Food and Beverage Director involved with helping chose certain furniture, fixtures and equipment for the Saracen Casino Resort project and testified as to using Fellers as a company that Saracen purchased items from. As discussed above, Cabalero provided numerous invoices received from Fellers, many of which contained Setterfield's name as the Buyer.

**Eric Bohn**

Eric Bohn ("Bohn"), Chief Financial Officer for the Quapaw Nation, was designated for topic (2). Bohn has been the CFO for the Quapaw Nation since 2012. The following are Plaintiff's requests contained in his 30(b)(6) deposition notice for Saracen that Bohn was designated.

(2)     Saracen's payments to Plaintiff for the design of a casino in Arkansas prior to the passage of the Gaming Amendment, including any invoices for such work; who made payment; the amount of any payment; the date of any payment; the contents of any communications concerning or contemporaneous with any payment; the date of such communications; where such communications took place; and the contents and existence of any documents supporting same.

Bohn testified that he had seen the September 2018 invoice for $12,000 from Marlon Blackwell Architects sent to Downstream Development Authority for the casino conceptual renderings.  Exhibit 5 to Plaintiff's Motion, Bohn 21:3-7. He testified that he saw a statement and related invoices from Downstream Development Authority for a total amount of $83,000. Exhibit 5 to Plaintiff's Motion, Bohn 23:3-6. Bohn testified that he received documents from Downstream that were an accumulation of costs paid and that he received those at the end of each fiscal year to put those on the Quapaw Nation's books. Exhibit 5 to Plaintiff's Motion, Bohn 6:16-23.

The only invoice from MBA to Downstream Development Authority or Saracen was included in invoices submitted to Bohn as CFO for the Quapaw Nation from the prior CFO of Downstream, Kent Jones, to provide a total so Bohn could book that as a due to Downstream on the Quapaw Nation side. Exhibit 5 to Plaintiff's Motion, Bohn 8:22 – 9:8.

Les Bigbee is not addressed in Saracen's response as Plaintiff has stated his testimony was reasonably competent due to having personal knowledge in the specific topic.

## Conclusion

Saracen denies that its conduct has prejudiced Plaintiff's ability to develop its claims, adequately prepare necessary expert witnesses, assess damages, and otherwise timely and fairly advance its claims. Further, Saracen should not be sanction by the Court related Plaintiff's Motion for Sanctions and Saracen has not willfully failed to appropriately designate and prepare its

11

30(b)(6) witnesses. Saracen has at all times has participate and cooperating in good faith during discovery.

                                        Respectfully submitted,

                                        Ronald A. Hope
                                        Ark. Bar No. 81092
                                        Ralph "Win" Wilson, III
                                        Ark. Bar No. 07279
                                        HOPE, O'DWYER, WILSON & ARNOLD, P.A.
                                        211 S. Spring Street
                                        Little Rock, Arkansas 72201
                                        Telephone: (501) 372-4144
                                        Telecopier: (501) 372-7480
                                        E-Mail: rhope@hope-lawyers.com
                                                    wwilson@hopelawyers.com

                                        Amanda W. Denton (2016023)
                                        MITCHELL, WILLIAMS, SELIG
                                          GATES & WOODYARD, P.L.L.C.
                                        425 West Capitol Avenue, Suite 1800
                                        Little Rock, Arkansas 72201
                                        Telephone: (501) 688-8800
                                        Facsimile: (501) 688-8807
                                        E-mail: adenton@mwlaw.com

                                        *Attorneys for Defendant, Saracen*
                                        *Development, LLC*